# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50523
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS HUMBERTO LOPEZ-SEPULVEDA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2658-2

Before STEWART, Chief Judge, and JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Luis Humberto Lopez-Sepulveda ("Lopez") appeals his guilty-plea conviction of knowingly and intentionally importing into the United States, and possessing with the intent to distribute, a quantity of marijuana. He challenges the guidelines-range sentence of two concurrent terms of thirty months of imprisonment and two years of supervised release by arguing that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the district court committed clear error in its drug quantity calculation.  He also contends that the sentence is substantively unreasonable.

This court reviews the district court's sentencing decision for reasonableness, using the abuse-of-discretion standard.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  First, this court determines whether the district court committed procedural error, which includes whether the district court properly calculated the guidelines range.  *Id.*  Second, if the decision is procedurally sound, this court considers the substantive reasonableness of the sentence.  *Id.*  This court reviews the district court's interpretation or application of the Guidelines de novo and its factual findings, such as the determination of drug quantity, for clear error.  *Id.*; *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).  A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole.  *Betancourt*, 422 F.3d at 246.

Although Lopez argues that he provided contradictory statements regarding the actual number of loads of marijuana that he transported, he presented no evidence to refute the information in the PSR.  A PSR's facts may be adopted without further inquiry if they "have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable."  *United States v. Cabrera*, 288 F.3d 163, 173-74 (5th Cir. 2002).  Additionally, the PSR's drug quantity determinations were based upon statements of Lopez and his brother, in which Lopez admitted to investigators that they had made five prior trips with drugs and his brother admitted that they made six such prior trips.  Thus, the district court's determination that Lopez should be accountable for three historic loads is plausible in light of the

record as a whole. *See Betancourt*, 422 F.3d at 246. The drug quantity determination therefore does not amount to clear error. *Id.*

Regarding Lopez's substantive reasonableness challenge, his within-guidelines sentence is presumed to be reasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009). Lopez's argument that the Guidelines resulted in unfair treatment based upon his lack of sophistication and his status as a drug mule does not rebut the presumption of reasonableness, as his argument does not show that his sentence fails to take into account a factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the sentencing factors. *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

For the foregoing reasons, the judgment of the district court is AFFIRMED.